[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 1284.]

THE STATE OF OHIO, APPELLANT, *v.* DAWS, APPELLEE.

[Cite as *State v. Daws*, 1996-Ohio-281.]

*Appeal dismissed as improvidently allowed.*

(No. 94-1621—Submitted November 14, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 13914.

———————————

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *George A. Katchmer, Jr.,* Assistant Prosecuting Attorney, for appellant.

*David A. Chicarelli* and *Ronald W. Ruppert,* for appellee.

*David H. Bodiker,* Ohio Public Defender, and *John Fenlon,* Assistant Public Defender, urging affirmance for *amicus curiae*, Ohio Public Defender Commission.

———————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent.

———————————

**PFEIFER, J., dissenting.**

{¶ 2} Because this court, through an opinion, should define the proper instructions to be given to juries concerning battered woman syndrome, I dissent from this court's decision to dismiss this case as having been improvidently allowed.

{¶ 3} I would instruct the trial court that when it retries this case, it should provide instructions that mirror the language of our opinion in *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970. In *State v. Koss*, this court stated that:

"* * * In Ohio, to prove self-defense it must be established that the person asserting this defense had '* * *a *bona fide belief* that he [she] was in imminent danger of death or great bodily harm and that his [her] only means of escape from such danger was in the use of such force.' (Emphasis added.) * * *"

"* * *

"Expert testimony regarding the battered woman syndrome can be admitted to help the jury not only to understand the battered woman syndrome but also to determine whether the defendant had reasonable grounds for an honest belief that she was in imminent danger when considering the issue of self-defense. ***

"* * *

"Thus, admission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. Rather, it is to assist the trier of fact in determining whether the defendant acted out of an honest belief that she was in imminent danger of death or great bodily harm and that the use of such force was her only means of escape. ***

"* * *

"* * * Where the evidence establishes that a woman is a battered woman, and when an expert is qualified to testify about the battered woman syndrome, expert testimony concerning the syndrome may be admitted to assist the trier of fact in determining whether the defendant acted in self-defense." *Id*. at 215-218, 551 N.E.2d at 973-975.

{¶ 4} Daws' proffered jury instructions were improper because they could have been construed by the jury to mean that battered woman syndrome was in itself a defense. The proffered instructions stated, in part that:

"However, a person is justified in the use of [*sic*] which is intended or likely to cause death or great bodily harm only if she reasonably believes as a Battered Woman that such force is necessary to prevent imminent death or great bodily harm to herself or the commission of a forcible felony."

2

**{¶ 5}** Daws' proffered instruction asks the jury to consider what she "reasonably believe[d] as a Battered Woman." This instruction implies that Daws' status as a battered woman could justify her use of force. This instruction tends to elevate the battered woman syndrome to the level of an independent affirmative defense rather than informing the jury that evidence of the syndrome is merely one factor to consider in evaluating Daws' self-defense claim. Because an instruction that may lead the jury to conclude that battered woman syndrome is itself a defense is contrary to *Koss*, the trial court properly excluded the proposed instruction. The court of appeals properly overruled Daws' contention that this decision by the trial court was improper.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____